Marks, J.
The relation of the parties to this action must be governed by the bill of lading, which is the contract binding upon the defendant, when received and indorsed by him, and acted upon by the plaintiff, with the written instructions of the defendant given with reference to the disposition of the goods when notified of their arrival. After the plaintiff had complied with the defendant’s request, and forwarded the hay to him to the Brooklyn Eastern District Terminal, with his indorsement of the bill of lading, the plaintiff had the right to treat him as accepting the shipment and liable for the freight. The attempted repudiation by defendant, and notice by letter, after his request to send the hay to Brooklyn had been complied with, that he was not handling the shipment, cannot *734 affect the right of the plaintiff to insist upon the payment of the charges, after it had lost its right to enforcé its lien on, and to retain the goods for its lien, and does not affect plaintiff’s rights to insist that the defendant by writing to the plaintiff that he was the holder of the bill of lading, and by indorsing and surrendering the same, and directing the shipment to be forwarded to Mm at Brooklyn, assumed the position of consignee or owner of the shipment, and to look to him for payment. In my opinion, the defendant is estopped from denying that he is the owner or consignee and liable as such. The plaintiff’s attempts to have the shippers give instructions for the disposition of the hay, after defendant declined to take it does not relieve defendant. The plaintiff had no notice when the goods were shipped that the defendant was only the agent of the shipper, and it may look to the consignor or consignee for payment of its charges—to the consignor, if the consignee does not accept or to the consignee, if he accepts the goods, and assumes control or ownership, and takes them from the carrier upon an implied promise to pay the freight.
Section 8 of the bill of lading provides, “ the owner or consignee shall pay the freight and all other lawful charges accruing on said property, and if required shall pay the same before delivery.”
Payment of the freight charges was thus made by the bill of lading a condition of the delivery to the consignee, and delivering it to the place requested by him without exacting payment of those charges is only extending credit to him which he must make good. When he directed the delivery, he accepted it, and the law implied a promise on his part to pay the charges, such being the terms on which the hay was to be delivered. In giving directions where to send the hay to him, and when it was received at the place directed, the defendant made himself a party to the contract between the consignor and the plaintiff, or entered into *735 an original contract to pay, which took the place of the right of the plaintiff to retain the hay until the charges were paid. Pennsylvania R. R. Co. v. Titus, 216 N. Y. 17.
In permitting the plaintiff to deal with him, as his acts and letters show, the plaintiff had the right as a matter of law, to regard and deal with the consignee as the owner of the hay, and the defendant in per-, ¡mitting the plaintiff to so deal with him, agreed, through implication, that he would pay the plaintiff’s lawful charges for transporting and delivering the hay to him. Pennsylvania R. R. Co. v. Titus, 216 N. Y. 21.
See also my opinion in case of Central of Georgia Railway Co. v. Lovell, intended to be filed with this case.
Judgment for plaintiff for $576.48.